IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ALEXUS MURPHY, MARKITTA WITCHER, and DIANE HAINES, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ACTIVE INTEREST MEDIA, INC.,<br><br>Defendant. | Case No. 22-cv-12159<br><br>Hon. David M. Lawson |

## JOINT CASE MANAGEMENT STATEMENT

Pursuant to Federal Rule of Civil Procedure 26(f) and the Court's October 17, 2022 Order (ECF No. 11), Alexus Murphy, Markitta Witcher, and Diane Haines ("Plaintiffs") and Active Interest Media, Inc. ("Defendant" or "AIM") hereby submit the following Joint Case Management Statement.

**I.      STATEMENT OF THE CASE AND PRINCIPAL ISSUES**

*Plaintiffs' Position:*

In this putative class action, Plaintiffs allege that pre-July 31, 2016, Defendant rented, exchanged, and/or otherwise disclosed its Michigan customers' detailed and personally identifiable magazine subscription records to numerous third parties, including, but not limited to, data aggregators, data appenders, data cooperatives,

1

and list brokers. Plaintiffs allege that by renting, exchanging, and/or otherwise disclosing such personal information pre-July 31, 2016, without notice or consent, Defendant violated Michigan's Preservation of Personal Privacy Act, H.B. 5331, 84th Leg. Reg. Sess., P.A. No. 378, §§ 1-4 (Mich. 1988), *id*. § 5, added by H.B. 4694, 85th Leg. Reg. Sess., P.A. No. 206, § 1 (Mich. 1989) (the "PPPA"). Accordingly, Plaintiffs brought this action on behalf of themselves and all similarly-situated Michigan customers to recover statutory damages, costs, and reasonable attorneys' fees.

Plaintiffs contend that the principal factual and legal issues include, without limitation: (i) whether Defendant rented exchanged, and/or otherwise disclosed Plaintiffs' and the putative Class's magazine subscription records pre-July 31, 2016 to any other person; (ii) whether Defendant is or was engaged in the business of selling magazines "at retail" and whether Plaintiffs and putative class members purchased subscriptions from Defendant "at retail;" (iii) whether any disclosure was for the exclusive purpose of marketing goods or services directly to the consumer; (iv) whether Defendant informed its customers by written notice that the customer may remove his or her name at any time by written notice to the Defendant; (v) whether Plaintiffs consented to any disclosures or otherwise waived their ability to claim Defendant violated the PPPA; and (vi) whether this matter is properly maintainable as a class action.

*Defendant's Position:*

Before addressing any of the issues stated above, there are material, case-dispositive, threshold issues, including whether Plaintiffs have even stated a claim in the first instance and whether such claims are time-barred.

By way of background and as explained more fully in Defendant's motion to dismiss, Plaintiffs' counsel initially filed essentially the same action, with a different named plaintiff, in the Western District of Michigan on May 17, 2022, and then amended that complaint to add named plaintiffs. AIM moved to dismiss that action for failure to state a claim and on statute of limitations grounds. Plaintiffs' counsel then voluntarily dismissed that action and filed the instant action, with new named plaintiffs, in this Court.

On November 21, 2022, Defendant filed a motion to dismiss this action in its entirety, with prejudice, based on the named Plaintiffs' failure to adequately plead facts under Fed. R. Civ. P. 12(b)(6) and because the claims are time-barred. The motion to dismiss will be fully briefed on December 27, 2022. Judge Stephen Murphy, III of this Court, recently dismissed a substantially similar action, with prejudice, under Fed. R. Civ. P. 12(b)(6) for similar reasons as those raised here by AIM. *Nashel v. The New York Times*, 2022 WL 6775657 (E.D. Mich. Oct. 11, 2022).

Moreover, even if Plaintiffs manage to survive a motion to dismiss, there are additional principal issues in this matter, including, for example: (i) whether

3

Plaintiffs are "customers" within the meaning of the PPPA, M.C.L. § 445.1711(a), which determines their standing to bring a PPPA claim against Defendant; and (ii) what the relevant time period is for this case, assuming, without conceding, that this action is even timely, given that Plaintiffs have explicitly limited their claims to the version of the PPPA that was in place prior to July 31, 2016.

## II.   JURISDICTION

*Plaintiffs' Position:*

Plaintiffs have pled that the Court has subject matter jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), (5)(B), alleging that (a) at least one member of the putative class is a citizen of a state different from Defendant, (b) the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and (c) the proposed class is comprised of at least 100 members. *See* 28 U.S.C. § 1332(d)(2)(A), (5)(B).

*Defendant's Position:*

Plaintiffs have pled jurisdiction pursuant to CAFA.

## III.   RELATED CASES

There are other PPPA cases between other parties in this District which may raise the same legal issues as in this case, but there are no related cases between or among the parties here at this time.

### IV.   AMENDMENT OF PLEADINGS

At this time, the parties do not anticipate the need to amend the pleadings or add any additional party-defendants.

### V.   DISCOVERY

#### A.   Initial Disclosures

*Plaintiffs' Position:*

The parties will exchange initial disclosures by December 28, 2022.

*Defendant's Position:*

The parties will exchange initial disclosures within 30 days after the pending motion to dismiss is decided, or, if Plaintiffs amend, after a ruling on a motion to dismiss the amended complaint, if the case is not dismissed.

#### B.   Topics of Discovery

*Plaintiffs' Position:*

Plaintiffs believe that discovery will be needed in the following areas: (i) the manner by which Defendant purports to obtain its customers' consent to rent, exchange, and/or otherwise disclose their magazine subscription records; (ii) any written notice Defendant provided to Plaintiffs and the putative Class of their right to remove their names from any rentals, exchanges, and/or disclosures of customer lists, and the manner by which any such notice was provided; (iii) the identities of any third parties that receive Defendant's customers' magazine subscription

5

records pre-July 31, 2016; (iv) copies of all transmissions of customers' magazine subscription records to third parties pre-July 31, 2016; (v) the contracts between Defendant and other third parties relating to the rentals, exchanges, and/or disclosures at issue; (vi) any and all contracts between Defendant and Plaintiffs and the putative Class; (vii) subscription and payment records of Plaintiffs and the putative class; and (viii) the size and identities of the putative Class members.

Plaintiffs oppose Defendant's request to stay discovery pending the outcome of its motion to dismiss. As an initial matter, this Court has already once denied Defendant's request to adjourn the scheduling conference and stay discovery pending resolution of its motion to dismiss. *See* ECF No. 16.

Second, a stay of discovery is not warranted under the relevant caselaw. "It is [] well established that the filing of a motion to dismiss does not automatically warrant a stay of discovery." *AFT Michigan v. Project Veritas*, 294 F. Supp. 3d 693, 694 (E.D. Mich. 2018); see also *Williams v. New Day Farms, LLC*, 2010 WL 3522397, at *1 (S.D. Ohio Sept. 7, 2010) ("[O]ne argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6)."). Thus, when considering requests to stay discovery pending a motion to dismiss, courts in this Circuit do "not stay discovery which is necessary to gather facts in order to defend against a motion to dismiss or when the party seeking discovery will be

6

prejudiced by the delay." *Wilson v. McDonald's Corp.*, 2015 WL 13047572, at *3 (E.D. Mich. Apr. 28, 2015). Here, both factors are present. First, Defendant's motion to dismiss argues that Plaintiffs inadequately alleged that Defendant unlawfully disclosed customer information during the relevant time period. Mot. to Dismiss (ECF No. 18), at PageID.582-588. Discovery into this issue (which is the crux of the case) would plainly bear on the motion to dismiss. Second, Plaintiffs will be heavily prejudiced by a delay in discovery. This case involves alleged disclosures of customer information to a variety of third-party data companies that allegedly occurred over six years ago. Accordingly, the potential for evidence to be lost – particularly by third parties – grows every day. Moreover, these third party relationships are confidential, therefore meaning Plaintiffs cannot identify the third parties at this juncture, and therefore cannot even send preservation letters.

In sum, courts in the Sixth Circuit do not stay discovery "unless the motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion." *Williams*, 2010 WL 3522397, at *2. The Court should not stay discovery pending Defendant's garden-variety Rule 12(b)(6) motion.

Plaintiffs also **do not** believe discovery should be conducted in phases or

7

limited in any manner because the issues pertaining to the named Plaintiffs almost entirely overlap with the issues pertaining to the putative class. While discovery has been conducted in phases in the cases Defendant cites, Plaintiffs' counsel's experience in those cases was that phasing led to inefficiencies, discovery disputes, and duplicative discovery efforts.

***Defendant's Position:***

Defendant believes that while the motion to dismiss is pending, discovery should be stayed. If the case is not dismissed, fact discovery should be conducted in two phases, with the first phase limited to the claims of the individual named Plaintiffs, and the second phase directed to the claims of the putative class. Phased discovery has been allowed in similar actions. *See, e.g., Boelter v. Advance Mag. Pub., Inc., d/b/a Conde Nast*, No. 1:15-cv-05671-NRB, Doc. 77 (S.D.N.Y. Dec. 14, 2016); *Edwards v. Hearst*, No. 15-cv-09279-AT-JLC, Doc. 40 (S.D.N.Y. Aug. 18, 2016); *Taylor v. Trusted Media Brands, Inc.*, No. 7:16-cv-01812-KMK, Doc. 60 (S.D.N.Y. Jan. 19, 2017).

Phased discovery is efficient because Defendant anticipates a summary judgment motion on the merits of the named Plaintiffs' individual claims at end of the first phase of discovery, if the action has not already been dismissed through a ruling on the motion to dismiss.

8

Phase I of discovery would concern whether (1) Plaintiffs are "customers" who purchased within the meaning of the PPPA, M.C.L. § 445.1711(a), and (2) if so, whether Plaintiffs' PRI was disclosed during the relevant time period. If summary judgment is denied, then discovery would resume and be aimed at the class allegations. Defendant anticipates that class discovery requests will seek broad substantive and statistical information about all of Defendant's Michigan subscribers, its publications, and its practices over multiple years.

To be clear, Plaintiffs are not entitled to discovery to frame their complaint. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."). "A lawsuit is not a fishing expedition for a plaintiff to discover a claim against the defendant." *Curney v. City of Highland Park*, No. 11-12083, 2012 WL 1079473, at *5 (E.D. Mich. Mar. 30, 2012). *See also Mitchell v. City of Warren*, No. 16-CV-10567, 2016 WL 3137846, at *7 (E.D. Mich. June 6, 2016) ("Although a party may have been able to use discovery to gather facts necessary for his claims prior to *Twombly* and *Iqbal*, it is no longer permissible for a party to 'use the discovery process to obtain [the facts it needs to support its claim] after filing suit.'") (citation omitted).

9

Plaintiffs appear to argue that, without discovery, they cannot adequately plead disclosure. This purported issue frequently arises in the analogous data breach context, but plaintiffs have nevertheless been able to proceed by alleging specific injuries close in time to the breach. *See, e.g.*, *Remijas v. Neiman Marcus Group*, LLC, 794 F.3d 688 (7th Cir. 2015). Plaintiffs make no such specific allegations here.

Further, Plaintiffs will not be prejudiced by a delay in discovery. Plaintiffs chose to bring this action after the purported six-year statute of limitations had already expired. The alleged issue of a loss in data–particularly by third parties, if any–is one of their own making that should not now result in the burdens of discovery for an inadequately pled claim.

Finally, while Defendant did raise the issue of a stay of discovery previously, as the Court noted in its November 10, 2022 ruling (ECF No. 16, PageID.563), it did not have Defendant's motion to dismiss before it at that time, suggesting that a ruling would have been premature. Defendant's motion to dismiss is now before this Court, and the issue of staying discovery is now ripe for determination.

### C. Proposed Case Schedule

*Plaintiffs' Position:*

**Deadline to Amend or Add Parties:** January 20, 2023

**Deadline to Complete Discovery**: August 25, 2023

**Deadline to Disclose Plaintiffs' Expert Reports:** September 29, 2023

**Deadline to File Motion for Class Certification:** September 29, 2023

**Deadline to Oppose Motion for Class Certification:** November 22, 2023

**Deadline to Disclose Defendant's Rebuttal Expert Reports:** November 22, 2023

**Deadline to File Reply in Support of Class Certification:** December 22, 2023

**Deadline to Disclose Plaintiffs' Reply Expert Reports:** December 22, 2023

**Deadline to File Dispositive Motions:** 60 days after ruling on class certification, though such motions may be filed earlier. The parties, however, shall not file serial motions for summary judgment. Plaintiffs believe that if Defendant files a motion for summary judgment before a decision on class certification, Defendant should be deemed to have waived the rule against one-way intervention, and Plaintiffs should be entitled to move for summary judgment prior to a decision on class certification as well (without being precluded from later moving for class certification).

*Defendant's Position:*

**Deadline to Amend or Add Parties:** December 12, 2022

**Deadline for Fact Discovery as to Named Plaintiffs:** Six months after an adverse ruling on Defendant's motion to dismiss on the current or an amended complaint, if one is filed.

**Deadline for Fact Discovery as to Class:** Eight months after the close of Phase I discovery (as to the named Plaintiffs), unless there is a pending motion for summary judgment in which case Phase II class discovery will be stayed until determination on that pending motion.

**Deadline to Disclose Plaintiffs' Expert Reports and any Affirmative Expert Reports on Behalf of Defendant:** Two months after the close of fact discovery as to the class, within Phase II.

**Deadline to Disclose Defendant's and Plaintiffs' Rebuttal Expert Reports:** Six weeks after the disclosure of affirmative reports.

**Deadline to File Motion for Class Certification:** Three months after the disclosure of Plaintiffs' and Defendant's affirmative expert reports.

**Deadline to Oppose Motion for Class Certification:** Two months after the motion for class certification is filed.

**Deadline to File Reply in Support of Class Certification:** One month after the opposition to class certification is filed.

**Deadline to File Dispositive Motions:** No later than 60 days after a ruling on class certification, though such motions may be filed earlier. Defendant does not waive its right to assert the "rule against one-way intervention" at the appropriate juncture.

**Pretrial Conference Date:** 30 days after ruling on dispositive motions.

### D. Anticipated Motions

Plaintiffs anticipate filing a motion for class certification at the close of discovery and moving for summary judgment at the appropriate time.

Defendant anticipates that, if its pending motion to dismiss is not granted, it will move for summary judgment at the close of Phase I fact discovery as to the named Plaintiffs. Moreover, should Plaintiffs amend their complaint in response to Defendant's pending motion to dismiss, Defendant may move to dismiss the amended complaint.

## VI. SETTLEMENT AND ADR

Plaintiffs are open to private mediation at this time.

Defendant believes mediation at this time is premature.

## VII. PROGRESS OF DISCOVERY

The parties have yet to engage in discovery. Plaintiffs believe discovery should proceed. Defendant believes discovery at this time is not appropriate and should be stayed pending a ruling on its motion to dismiss the current or any

13

amended complaint, which, if granted, would dispose of the case. In addition, Defendants further note that Plaintiffs have made various tolling and other arguments to extend the relevant time period in this case, which are being briefed as part of the motion to dismiss. While Defendants believe these issues are case dispositive, even if the Court did not grant the motion to dismiss, discovery should not proceed until the parties know the relevant time period for the case and any requests, which will be decided as part of the motion to dismiss.

## VIII. LENGTH OF TRIAL

The parties estimate that trial will last two weeks.

Dated: December 7, 2022                Respectfully submitted,

By: /s/ E. Powell Miller
One of Plaintiffs' Attorneys

E. Powell Miller (P39487)
epm@millerlawpc.com
Sharon S. Almonrode (P33938)
ssa@millerlawpc.com
THE MILLER LAW FIRM, P.C.
950 W. University Drive, Suite 300
Rochester, MI 48307
Tel: 248-841-2200

Joseph I. Marchese
jmarchese@bursor.com
Philip L. Fraietta (P85228)
pfraietta@bursor.com
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, New York 10019
Tel: 646.837.7150

14

Frank S. Hedin
fhedin@hedinhall.com
Arun G. Ravindran
aravindran@hedinhall.com
HEDIN HALL LLP
1395 Brickell Avenue, Suite 1140
Miami, Florida 33131
Tel: 305.357.2107

*Counsel for Plaintiffs and the putative class*

/s/ Kristen C. Rodriguez w/permission
DENTONS US LLP
Kristen C. Rodriguez
Deborah H. Renner
233 S. Wacker Drive, Suite 5900
Chicago, IL 60606-6404
Tel: (312) 876-8000
kristen.rodriguez@dentons.com
deborah.renner@dentons.com

DENTONS DAVIS BROWN, P.C.
Katelynn T. McCollough
Davis Brown Tower
215 10th Street, Suite 1300
Des Moines, Iowa 50309-3993
Tel: (515) 246-7831
katelynn.mccollough@dentons.com

CLARK HILL PLC
Peter B. Kupelian (P31812)
Carol G. Schley (P51301)
151 South Old Woodward Avenue, Ste 200
Birmingham, MI 48009
Tel: (248) 530-6336
pkupelian@clarkhill.com
cschley@clarkhill.com

*Counsel for Defendant,*
*Active Interest Media, Inc.*

15

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2022, I electronically filed the foregoing documents using the Court's electronic filing system, which will notify all counsel of record authorized to receive such filings.

*/s/ E. Powell Miller*
E. Powell Miller (P39487)
**THE MILLER LAW FIRM, P.C.**
950 W. University Dr., Ste. 300
Rochester, MI 48307
Tel: (248) 841-2200
epm@millerlawpc.com