# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER BATTS et al.,
                Plaintiffs,

v.

GANNETT CO.,
                Defendant.

Case No. 22-10685
Honorable Shalina D. Kumar
Magistrate Judge Curtis Ivy, Jr.

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS (ECF NO. 18)**

I.     **INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiffs Christopher Batts, Carolyn Braun, Velma Coleman, Johnny Sabbag, and Asha Mareddy, on behalf of themselves and others similarly situated, sued defendant Gannett Co., as publisher of the USA Today magazine and newspaper, for violations of Michigan's Preservation of Personal Privacy Act, H.B. 5331, 84th Leg. Reg. Sess., P.A. No. 378, §§ 1-4 (Mich. 1988), *id*. § 5 (PPPA). ECF No. 17. Plaintiffs, all citizens of Michigan, allege that they were subscribers to USA Today newspaper prior to July 31, 2016.[1] *Id*. at PageID.617-22. Plaintiffs allege that Gannett

---

[1] PPPA was amended by the Michigan legislature in May 2016. Under the amended PPPA, effective July 31, 2016, the $5,000 statutory penalty was

disclosed, without the requisite consent or prior notice, the plaintiffs' full names, titles of publications subscribed to, and home address, as well as other demographic data such as gender and interests, to data aggregators, data appenders, and/or data cooperatives. *Id*. at PageID.616-18. As a result of the unauthorized disclosures, plaintiffs received a barrage of unwanted junk mail and other invasions of their protected right to privacy under the PPPA. *Id*. at PageID.615, 639.

Defendant filed a motion to dismiss plaintiffs' complaint based on the expiration of the statute of limitations applicable to the PPPA and the plaintiffs' lack of standing under the PPPA and under Article III of the Constitution. ECF No. 18. The motion was fully briefed, the Court heard oral argument on it on February 22, 2023, and the matter is now ripe for decision. ECF Nos. 20, 21.[2]

## II. ANALYSIS

### A.

---

eliminated, and plaintiffs could recover only proven actual damages. M.C.L. § 445.1715(2).

[2] By leave of the Court, Gannett also filed a notice of supplemental authority to highlight the recent decision from the Eastern District of Michigan, *Nashel v. The New York Times Co.*, 22-cv-10633 (E.D. Mich. Oct.11, 2022). ECF No. 22.

Gannett does not specify which procedural rule (or the corresponding standard for determination) it relies upon for its motion to dismiss. Gannett argues that plaintiffs lack Article III standing to bring their claims under PPPA. Article III standing is a threshold jurisdictional issue and "[i]f no plaintiff has standing, then the court lacks subject-matter jurisdiction." *Tennessee General Assembly v. United States Dep't of State*, 931 F.3d 499, 507 (6th Cir. 2019).

A defendant may move under Federal Rule of Civil Procedure 12(b)(1) to dismiss a case "for lack of subject matter jurisdiction." *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). "A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)." *Id*. (citing *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994)). "A facial attack goes to the question of whether the plaintiff has alleged a basis for subject matter jurisdiction, and the court takes the allegations of the complaint as true for purposes of Rule 12(b)(1) analysis," but "[a] factual attack challenges the factual existence of subject matter jurisdiction." *Id*. Where, as in the instant case, the defendant argues that the allegations in the complaint are insufficient to establish Article III

Page 3 of 13

standing, the court should accept all well-pleaded allegations as true and confine consideration to matters contained within the pleadings. *Id*.

Gannett also argues that plaintiffs lack standing to sue under the PPPA. The argument that a plaintiff lacks statutory standing to bring a claim is "analytically distinct" from the issue of Article III or prudential standing and is not a question of subject-matter jurisdiction. *Roberts v. Hamer*, 655 F.3d 578, 580 (6th Cir. 2011)). Statutory standing assesses whether a plaintiff is within a class of persons authorized by statute to sue, or, in other words, "has a cause of action under the statute." *Galaria v. Nationwide Mutual Ins. Co.*, 663 F. App'x 384, 391 (6th Cir. 2016) (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127-28 (2014)) (quotation marks omitted). Accordingly, "statutory standing" is treated as a failure-to-state-a-claim argument and reviewed under the Rule 12(b)(6) standard. *Id*.; *Roberts*, 655 F.3d at 581.

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Golf Village N., LLC v. City of Powell*, 14 F.4th 611, 617 (6th Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal marks omitted). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Courts construe the complaint in the light most favorable to the plaintiffs and draw all reasonable inferences in their favor. *Golf Village,* 14 F.4th at 617 (citing *Cahoo v. SAS Analytics Inc.*, 912 F.3d 887, 897 (6th Cir. 2019)). When a complaint does adequately state a claim, it may not be dismissed based on the court's "assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Twombly*, 550 U.S. at 563, n.8.

"[B]ecause the statute of limitations is an affirmative defense, a 12(b)(6) motion to dismiss 'is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations.'" *Pratt v. KSE Sportsman Media, Inc.,* 586 F. Supp. 3d 666, 671 (E.D. Mich. 2022) (quoting *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012)). Allegations demonstrating that relief is barred by the applicable statute of limitations, however, provide an exception to this general rule. *Id*. (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

**B.**

Plaintiffs bear the burden of demonstrating that they have standing to sue under Article III of the Constitution.[3] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). To discharge this burden, plaintiffs must establish three elements: an injury in fact, "a causal connection between the injury and the conduct complained of," and that the injury will be redressed if the court grants the requested relief. *Id*. Gannett only challenges the existence of an injury in fact.

An injury in fact is an "invasion of a legally-protected interest." *Exel, Inc. v. S. Refrigerated Transp., Inc.,* 807 F.3d 140, 148 (6th Cir. 2015). To establish an injury in fact, the plaintiffs must demonstrate that they have suffered an injury that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (citation and internal quotation marks omitted). An injury is particularized if it "affect[s] the plaintiff in a personal and individual way." *Spokeo, Inc. v.*

---

[3] Gannett emphasized at oral argument that it argues that plaintiffs lack Article III standing as an alternative to its argument that the three-year statute of limitations (M.C.L. § 600.5805) applies to their PPPA claims. Notwithstanding Gannett's characterization of the argument, the Court understands Article III standing to be a threshold issue and thus addresses it before reaching Gannett's arguments on the merits, including whether plaintiffs' claims are barred by the statute of limitations. *See Tennessee General Assembly*, 931 F.3d at 507.

*Robins*, 578 U.S. 330, 339 (2016). An injury is concrete if it is "real, and not abstract." *Id*. at 340.

Gannett's argument that PPPA plaintiffs lack Article III standing has been decisively rejected by the Sixth Circuit and district courts alike. *See Coulter-Owens v. Time Inc.*, 695 F. App'x 117, 121 (6th Cir. 2017); *Pratt*, 586 F. Supp. 3d at 677 (collecting cases). "[G]iven that the [PPPA] contains an express private right to sue, it confers statutory standing on a person whose information was disclosed in violation of it. Moreover, the disclosure of that information is a cognizable injury in fact for purposes of Article III standing." *Coulter-Owens*, 695 F. App'x at 121. The Court finds that it has been conclusively established that "a violation of the PPPA necessarily arises from the nonconsensual dissemination of information that reflects a plaintiff's personal reading choices, which acutely invades a statutorily protected right to privacy in such matters and, thus, inflicts harm in a concrete and particularized way…." *Pratt*, 586 F. Supp. 3d at 676-77.

Contrary to Gannett's argument, the Supreme Court's recent *TransUnion* case does not alter the settled matter of a PPPA violation satisfying the Article III standing requirement for a concrete and particularized injury in fact. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021). *TransUnion* merely reiterates the canons of *Spokeo*: that a plaintiff

must suffer "physical, monetary, or cognizable intangible harm traditionally recognized as providing a basis for a lawsuit" to establish standing under Article III. *TransUnion*, 141 S. Ct. at 2206; *Spokeo*, 578 U.S. at 340-41. As courts within and outside this circuit have consistently decided, the unauthorized disclosure of personal reading information is the invasion of the privacy right protected by PPPA and inflicts such a cognizable intangible harm. *Pratt*, 586 F. Supp. 3d at 676-78. Courts likewise have uniformly concluded that PPPA violations are not bare statutory violations but infringements of individual privacy rights akin to those recognized by American courts over the past century. *See Perlin v. Time Inc.*, 237 F. Supp. 3d 623, 640-41 (E.D. Mich. 2017); *Lin v. Crain Communications Inc.*, 2020 WL 248445, at *6 (E.D. Mich. Jan. 16, 2020); *see also Moeller v. American Media, Inc.*, 235 F. Supp. 3d 868, 873 (E.D. Mich. 2017) ("Subscribers' right to privacy in their personal reading information is grounded in an interest traditionally regarded as providing a basis for lawsuit in English and American courts.") (internal quotations omitted). Nothing in *TransUnion* requires the Court to depart from the well-established understanding that a properly alleged PPPA claim confers Article III standing.

Finally, Gannett argues that plaintiffs' assertion that the three-year statute of limitations for an "injury to person or property" cannot apply to a PPPA violation belies their argument that they have sustained an injury-in-fact for Article III standing purposes. M.C.L. § § 600.5805(2), 600.5813. Courts have patently rejected this conflation of the injury-in-fact concept for standing purposes with the "injury to person or property" definition relevant for ascertaining the statute of limitations applicable to PPPA. *See Pratt*, 586 F. Supp. 3d at 676, 678; *Krassick v. Archaeological Institute of America*, 2022 WL 2071730, at *3 (W.D. Mich. June 9, 2022). Statutes of limitations are not jurisdictional and have no impact on Article III standing or jurisdiction. *Pratt*, 586 F. Supp. 3d at 676. Indeed, "a statutory cause of action does not lack Article III standing simply because Michigan Compiled Laws § 600.5813 applies to it." *Id*. To the contrary, a PPPA claim presents an intangible harm providing ample constitutional mooring for Article III purposes even though it "does not arise from a personal injury or actual damages" necessary to trigger § 600.5805(2)'s three-year limitation period." *Id*. at 677-78.

Plaintiffs' PPPA claim confers Article III standing and thus establishes subject matter jurisdiction in this Court.

**C.**

Plaintiffs claim that the statutory period to bring action under the PPPA is six years under Michigan's catch-all limitations period, M.C.L. § 600.5813. Gannett counters that the three-year limitations period under M.C.L. § 600.5805 should apply because a PPPA claim is at bottom a common law privacy tort claim, or one for personal injury. Consistent with the now well-established rulings from courts within the circuit, the Court finds that the six-year limitations period applies to the plaintiffs' claims.

In Michigan, "a civil cause of action arising from a statutory violation is subject to the six-year limitation period found in § 5813, if the statute itself does not provide a limitation period." *DiPonio Constr. Co. v. Rosati Masonry Co.*, 631 N.W. 2d 59, 66 (Mich. Ct. App. 2001); *see also Palmer Park Square v. Scottsdale Ins. Co.*, 878 F.3d 530, 539-40 (6th Cir. 2017). Plaintiffs' cause of action arises from the PPPA, which "lacks an explicit limitations period," and "thus fits perfectly into that succinct rule." *Nashel v. New York Times Co.*, 2022 WL 6775657, at *3 (E.D. Mich. Oct. 11, 2022).

Further, an injury to the right to privacy in reading materials is not a traditional common-law tort. *Krassick*, 2022 WL 2071730, at *3. "Although such a right is 'similar in kind' to rights protected by the common-law tort of invasion of privacy, the right to privacy in one's reading materials is nonetheless the creation of a statute; it did not exist under common law."

*Id.* (citing *Perlin*, 237 F. Supp. 3d at 640). Because a PPPA plaintiff's right to recovery arises from a statute rather than common-law, the six-year limitation period applies. *Id.* (citing *Nat'l Sand, Inc. v. Nagel Constr., Inc.*, 451 N.W. 2d 618, 622 (Mich. Ct. App. 1990)); *see also*, *Pratt*, 586 F. Supp. 3d at 673. Accordingly, the Court finds that the six-year statute of limitations under § 600.5813 applies to plaintiffs' PPPA claims. Plaintiffs filed their complaint on March 31, 2022; plaintiffs may recover for any Gannett disclosure between December 21, 2015[4] and July 30, 2016.

**D.**

Gannett argues that plaintiffs' PPPA claims should be dismissed on the grounds that plaintiffs lack standing under the PPPA because they were not USA Today subscribers and Gannett did not disclose their subscriber information to various third parties during the relevant time period. Gannett relies on the declaration of its employee, Helen Trask, who denied that plaintiffs were USA Today subscribers and that Gannett disclosed their

---

[4] Michigan Executive Order 2020-58 and Michigan Supreme Court Administrative Order 2020-3 tolled that statute of limitations for 101 days. Accordingly, the plaintiffs may recover for violative disclosures dating back to December 21, 2015, not March 31, 2016 (six years from the date the complaint was filed). *See Carter v. DTN Mgmt. Co.*, ___ N.W.2d ___, 2023 WL 439760, at *1 (Mich. Ct. App. Jan. 26, 2023) (interpreting AO 2020-18 to broadly exclude any day within the state of emergency "for purposes of determining the deadline applicable to the commencement of all civil and probate case types'") (quoting AO 2020-18).

subscriber information to list brokers, data aggregators, data cooperatives, data brokers, or other intermediaries from January 1, 2015 to July 31, 2016. ECF No. 18-1.

As noted above, statutory standing assesses whether a plaintiff has a cause of action under the statute and is thus treated as a failure-to-state-a-claim argument and reviewed under the Rule 12(b)(6) standard. *Galaria*, 663 F. App'x at 391; *Roberts*, 655 F.3d at 581. The court may not consider matters outside the pleadings when deciding a Rule 12(b)(6) motion to dismiss. *Randick v. Sawhill*, 530 F. Supp. 3d 720, 723 (E.D. Mich. 2021) (citing *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997)). A court that considers such matters must first convert the motion to dismiss to one for summary judgment. See Fed. R. Civ. P 12(d).

Gannett relies on *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 918 (6th Cir. 1986) to argue that a complaint may be properly dismissed under Rule 12(b)(6) standards if the movant's affidavit is clear and unequivocal, and plaintiffs fail to submit a counter-affidavit sufficient to raise a genuine issue of material fact. ECF No. 21, PageID.1239. Gannett's reliance on *Rogers* speciously ignores the court's specific acknowledgment that "in a Rule 12(b)(6) motion in which matters outside the record are relied upon as they were here" with each party filing an affidavit, the motion must be

converted to a Rule 56 motion. *Rogers*, 798 F.2d at 915 (citing Fed. R. Civ. P. 56(c)). The Court declines to convert Gannett's motion to dismiss to that for summary judgment and thus cannot consider the proffered declaration to refute plaintiffs' well-pleaded allegations that they were USA Today subscribers and that Gannett disclosed their private reader information without their authorization within the relevant time period. The Court must accept plaintiffs' allegations as true and finds that they are sufficient to state a claim for relief that is plausible on its face.

### III. CONCLUSION

For these reasons, the Court **DENIES** Gannett's motion to dismiss. ECF No. 18.

Dated: March 30, 2023

            s/Shalina D. Kumar
            SHALINA D. KUMAR
            United States District Judge