# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

ALEXUS MURPHY, MARKITTA WITCHER, and DIANE HANES, individually and on behalf of others similarly situated,

    *Plaintiffs*,

v.

ACTIVE INTEREST MEDIA, INC.,

    *Defendant*.

Case No. 2:22-cv-12159
Hon. David M. Lawson

# DEFENDANT ACTIVE INTEREST MEDIA INC'S OPPOSITION TO NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING THE *BATTS* DECISION

## STATEMENT OF ISSUES PRESENTED

1. Whether this Court should rely on the ruling in *Batts v. Gannett Co.*, No. 4:22-cv-10685, ECF No. 28 (E.D. Mich. Mar. 30, 2023), which Plaintiffs seek to submit to the Court, as persuasive authority relevant to the arguments presented in AIM's Motion to Dismiss (ECF No. 24)?

   Defendant's Answer: NO.

## STATEMENT OF CONTROLLING/MOST APPROPRIATE AUTHORITY

The controlling or most appropriate authority for this Motion includes:

1. *Batts v. Gannett Co.*, Case No. 4:22-cv-10685, ECF No. 28 (E.D. Mich. Mar. 30, 2023).

2. *Nashel v. The New York Times Co.*, No. 2:22-cv-10633, 2022 WL 6775657 (E.D. Mich. Oct. 11, 2022).

3. *Bozung v. Christianbook, LLC*, No. 1:22-cv-00304, slip op. (W.D. Mich. Mar. 6, 2023).

AIM[1] submits this response in opposition to Plaintiffs' Notice of Supplemental Authority, filed on March 31, 2023 (ECF No. 33) (the "Notice"), enclosing and making arguments on *Batts v. Gannett Co.*, Case No. 4:22-cv-10685, ECF No. 28 (E.D. Mich. Mar. 30, 2023) (Kumar, J.). The Notice mischaracterizes the holdings in *Batts* and ignores differences between the arguments there and in the instant action.

## ARGUMENT

### I. Fundamental Pleading Deficiencies Mandate Dismissal of the Complaint, Which Were Not Addressed in *Batts*.

The *Batts* decision is not controlling on, let alone relevant to, AIM's argument that Plaintiffs failed to adequately plead disclosure under Rule 12(b)(6). (ECF. No. 24, PageID.1210-16; ECF. No. 32, PageID.1456-59.) Contrary to Plaintiffs' implication, that issue was never before the court in the *Batts* action. Thus, that court could not have, as Plaintiffs argue, "considered Defendant's arguments" regarding the import of *Nashel v. The New York Times Company.* (ECF No. 27, PageID.1634.) While the defendant, Gannett, did submit *Nashel* as supplemental authority in the *Batts* action, as the court noted in passing (*Batts*, slip op. at 2 n.2), there is no indication that it "rejected" the *Nashel* decision. And with the benefit of full briefing by the parties here, this Court should undertake a

---

[1] Abbreviations herein have the same meanings ascribed to them in AIM's pending motion to dismiss the FAC. (ECF No. 24.)

rigorous analysis of the sufficiency of the pleading, particularly in light of the *Nashel* decision and *Bozung v. Christianbook, LLC*, No. 1:22-cv-00304, slip op. (W.D. Mich. Mar. 6, 2023) (Jarbou, J.)—both of which held that plaintiffs failed to adequately allege disclosure of their PRI in cases with substantially similar allegations as this one.

## II. AIM's Article III Standing Argument Differs from Gannett's.

Plaintiffs' Notice implies that because the court held that plaintiffs had Article III standing in *Batts*, this Court should make the same ruling here. But the defendant in *Batts* raised a different Article III argument than AIM raises here. In *Batts*, the defendant argued that plaintiffs lacked Article III standing because they failed to plead an injury-in-fact under *TransUnion v. Ramirez*, 141 S. Ct. 2190 (2021). *See Batts*, slip op. at 7-8. AIM has made no such argument. Gannett also challenged plaintiffs' *statutory* standing by submitting a declaration to show that plaintiffs were not subscribers, and that even if they had been, their PRI would not have been disclosed. In that procedural posture, the *Batts* court found that it would not consider a declaration and elected not to convert the motion into one for summary judgment (though it was empowered to do so). *Batts*, slip op. at 12-13.

Here, unlike the defendant's Article III challenge in *Batts* under *TransUnion* or its attack on statutory standing under Rule 12(b)(6), AIM challenged the Article III standing of two of the three Plaintiffs by arguing that because they were not

2

AIM customers, they could not have been injured by AIM. It is a fundamental tenet of Article III standing that a plaintiff's injury must be traceable to the defendant's conduct. *See, e.g., Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). While courts have found that a bare statutory violation may suffice to show Article III injury under the PPPA (which AIM does not concede is correct), as a factual matter, that answers only one part of the Article III standing inquiry; the further inquiry—whether such injury is traceable back to the defendant—remains. *Id*. AIM's declaration demonstrates that the Plaintiffs at issue cannot tie their claim of injury to AIM and that they thus lack Article III standing. The requirements of Article III are not relaxed just because the only claim brought is a statutory one. Nor does the fact that Article III and statutory standing coincide mean that AIM's declarations are improper. Accordingly, the court's rulings on Gannett's Article III and statutory standing challenges in *Batts* are not dispositive here.

### III.     The Court Must Consider the Full Briefing on Tolling Here.

The defendant in *Batts* did not brief the applicability of COVID-19 tolling, likely because it was not dispositive in that case—but it is here. In *Batts*, the plaintiffs did not need COVID-19 tolling for their case to survive a timeliness challenge because they filed their case prior to July 30, 2022, which would be timely under the six-year limitation period urged by plaintiffs and adopted by the courts thus far. But here, the case was filed on September 12, 2022 (*See* ECF No.

3

1), too late even with the benefit of a six-year limitations period. Given the lack of relevance of this issue in *Batts*, it is not surprising that the court only addressed COVID-19 tolling in a footnote in the *Batts* decision. Slip op. at 11 n.4. Rather than rely on a passing reference in the *Batts* decision to decide the potentially case-dispositive COVID-19 tolling issue here, as Plaintiffs suggest, the Court has the benefit of the parties' briefing. (AIM's Reply Papers, ECF No. 32, PageID.1453-55.)

Moreover, even if the Court permits tolling, that does not mean that the class period should be expanded, as Plaintiffs urge. This issue has not been fully briefed here, nor was it in *Batts*. If tolling is permitted here, AIM respectfully requests that it be provided an opportunity to demonstrate why tolling should not apply to absent class members and why the class period should not be expanded.

## CONCLUSION

AIM respectfully requests that the Court grant AIM's motion to dismiss the FAC.

Date: April 14, 2023					Respectfully submitted,

/s/ *Kristen C. Rodriguez*
Kristen C. Rodriguez
Deborah H. Renner
DENTONS US LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 768-6700

4

kristen.rodriguez@dentons.com
deborah.renner@dentons.com

Peter B. Kupelian (P31812)
Carol G. Schley (P51301)
CLARK HILL PLC
151 South Old Woodward Ave., Suite 200
Birmingham, MI 48009
(248) 530-6336
pkupelian@clarkhill.com
cschley@clarkhill.com

*Counsel for Defendant*
*Active Media Interest, Inc.*

5